IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **Delaney Esper and Samuel Esper,** | ) | |
| | ) | |
| Plaintiffs and Counter-Defendants, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-00116 |
| | ) | |
| **Richard Enlow, Mirnes Muminovic, and Wipeout Logistics LLC,** | ) | **JURY DEMAND** |
| | ) | **Judge Eli J. Richardson** |
| | ) | **Magistrate Judge Barbara D. Holmes** |
| Defendants and Counter-Plaintiff. | ) | |

## AMENDED COMPLAINT

COME NOW Plaintiffs, Delaney Esper and Samuel Esper, by and through counsel, and would respectfully submit to the Court the following Amended Complaint:

### PARTIES

1. Plaintiff, Delaney Esper, is an adult citizen and resident of Davidson County, Tennessee. Same was true at the time of the wreck.

2. Plaintiff, Samuel Esper, is an adult citizen and resident of Pittsburgh, Pennsylvania. Same was true at the time of the wreck.

3. Defendant Richard Enlow is an adult believed to be a citizen and resident of Woodburn, Kentucky. Defendant Richard Enlow was the operator of the vehicle that caused the wreck with Plaintiff. Defendant Richard Enlow submits himself to the jurisdiction and venue of this Court by virtue of operating a tractor-trailer in the county and state complained of herein where the wreck occurred.

4. Upon information and belief, Defendant Mirnes Muminovic (hereinafter "Defendant Muminovic"), is an adult believed to be a citizen and resident of Bowling Green, Kentucky. Defendant Muminovic is the registered owner of the 2020 Freightliner tractor-trailer that was being operated by Defendant Enlow at the time of the events of this Complaint.

5. Upon information and belief, Defendant Wipeout Logistics LLC (hereinafter "Defendant Wipeout"), is a Kentucky limited liability company authorized and doing business in the State of Tennessee. Its principal office is located at 1228 Ashley Circle, Suite 5, Bowling Green, KY 42104 and may be served through its registered agent for service, Mirnes Muminovic, 1228 Ashley Circle, Suite 5, Bowling Green, KY 42104. Defendant Wipeout is the registered owner of the 2020 Freightliner tractor-trailer that was being operated by Defendant Enlow at the time of the events of this Complaint. Defendant Wipeout, at all material times, was and is a motor carrier that engaged in the business of interstate transportation of general freight throughout the United States and through the State of Tennessee, and, as such, has engaged in the transaction of business within the State of Tennessee.

## JURISDICTION AND VENUE

6. The Plaintiffs' claims for relief arise from a vehicular collision (hereinafter "the Wreck") which occurred in Davidson County, Tennessee.

7. Jurisdiction of this matter is based on diversity of citizenship. The Plaintiffs file this action in the United States District Court for the Middle District of Tennessee on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) inasmuch as the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs; the Plaintiff Delaney Esper in this action is a citizen of Tennessee; the Samuel Delaney Esper in this action is a citizen of Pennsylvania; and the Defendants in this action are citizens of the State of Kentucky.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). Venue is proper pursuant to 28 U.S. § 1391(a). Specifically, the Wreck, which is the event giving rise to the claim that is the subject matter of this lawsuit, occurred in Nashville, Davidson County, Tennessee. All

2

events which form the basis of this Complaint for Damages are based in tort and occurred in Nashville, Davidson County, Tennessee.

9. Jurisdiction and venue are proper in this Court.

## FACTS

10. On September 26, 2022, Delaney Esper was driving a 2014 Toyota Yaris west bound on I24 West in Nashville, Davidson County, Tennessee.

11. Plaintiff Samuel Esper is the father of Plaintiff Delaney Esper and was the owner of the vehicle being driven by Delaney Esper.

12. Delaney Esper was operating the vehicle in a safe and appropriate manner at the time of the wreck. She had slowed her vehicle due to the large fire directly next to the interstate.

13. Delaney Esper was traveling at a reasonable speed for the conditions.

14. On September 26, 2022, Defendant Richard Enlow was driving a 2020 Freightliner tractor-trailer owned by Defendant Muminovic and/or Defendant Wipeout, on I24 West in Nashville, Davidson County, Tennessee.

15. Defendant Enlow admitted to the investigating police that he was exceeding the posted speed limit at the time of the crash.

16. Defendant Enlow failed to maintain control of his vehicle and suddenly, and without warning, crashed into the rear of the Plaintiff's vehicle.

17. Defendant Richard Enlow attempted to bribe Zach Sellars, a witness at the scene, to vouch for him that the Plaintiff Ms. Esper was at fault and lie to the investigating officer.

18. Mr. Sellars refused the offer of $1,000.00 from Mr. Enlow to tell the investigating officer that the Plaintiff was at a complete stop.

19. At all times relevant to the complaint, Defendant Enlow was operating Defendant Muminovic and/or Defendant Wipeout's vehicle with said Defendants' permission.

3

20. The impact caused severe physical injuries to Delaney Esper which required medical treatment.

## NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT RICHARD ENLOW

21. Defendant Enlow had a duty to exercise reasonable awareness of his surroundings, of other vehicles on the roadway, and Plaintiff in particular.

22. Defendant Enlow had a duty to operate the vehicle he was driving with reasonable safety under the circumstances and to obey the traffic laws in effect at the time and place of the wreck.

23. Defendant Enlow failed to adhere to the duty required of him in several particulars, each of which constitutes negligence, including, but not limited to, the following:

    a. Failure to operate his vehicle with reasonable safety under the circumstances;

    b. Failure to maintain a proper lookout;

    c. Failure to use due care under the circumstances; and

    d. Operating his vehicle in excess of the posted speed limit.

24. Defendant Enlow's negligent acts, omissions, and breaches of duty, as stated above, caused Defendant to negligently, forcefully, and without warning, collide with Plaintiff's vehicle. Additionally, Defendant Enlow's negligent acts, omissions, and breaches of duty amounted to the following breaches of Tennessee state law which constitutes negligence *per se:*

    a. Following another vehicle more closely than is reasonable and prudent under the circumstances given the speed of the vehicles, the traffic upon the road, and the condition of the highway pursuant to Tenn. Code Ann. § 55-8-124;

    b. Failure to exercise due care pursuant to Tenn. Code Ann. § 55-8-136;

    c. Giving false report pursuant to Tenn. Code Ann. § 55-10-110.

4

25. It is further alleged that the resulting injuries to the Plaintiff were proximately caused by the negligent acts and omissions and breaches of duty by Defendant including, but not limited to, the following breaches of the Davidson County Code of Ordinances which constitutes negligence per se:

    a. Following too closely pursuant to Metropolitan Nashville, Davidson County Code of Ordinances § 12.16.200;

    b. Careless driving pursuant to Metropolitan Nashville, Davidson County Code of Ordinances § 12.68.170; and

    c. Exceeding the maximum lawful speed pursuant to Metropolitan Nashville, Davidson County Code of Ordinances § 12.20.0200.

26. Each of these acts and omissions, singularly or in combination with others, constitutes negligence and negligence *per se*, which directly and proximately caused the wreck forming the basis of this action, and Plaintiff' injuries and resulting damages.

### NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT MIRNES MUMINOVIC

27. As a registered owner of the vehicle that Defendant Richard Enlow was operating at the time of the wreck, Defendant Muminovic is and should be vicariously liable for Defendant Enlow's negligent acts and omissions under Tenn. Code Ann. §§ 55-10-311 and 55-10-312, the doctrine of *respondeat superior*, the doctrine of agency, and/or the family purpose doctrine.

28. At the time of the wreck Defendant Richard Enlow was an employee and/or agent of Defendant Muminovic.

29. Defendant Richard Enlow was a truck driver for Defendant Muminovic and was acting within the scope and course of the business of Defendant Muminovic at all relevant times.

30. Defendant Muminovic was acting by and through its employees/agents and is responsible for the acts of these employees and agents pursuant to respondeat superior, agency or similar theory of law.

31. Defendant Muminovic was negligent in hiring and/or contracting with Defendant Richard Enlow to drive the tractor-trailer at issue.

32. Defendant Muminovic was negligent in training Defendant Richard Enlow to properly drive the tractor-trailer.

33. Defendant Muminovic was negligent entrusting Defendant Richard Enlow to drive the tractor-trailer professionally.

34. Defendant Muminovic was negligent in retaining Defendant Richard Enlow.

35. Defendant Muminovic failed to conduct proper and required checks on the background of their employee, agent and/or contractor Defendant Richard Enlow.

36. Defendant Muminovic failed to supervise Defendant Richard Enlow to properly drive the tractor-trailer.

37. Defendant Muminovic was negligent in dispatching and/or routing, which induced or encouraged hazardous and irresponsible operation of its vehicles by employees and operators such as Defendant Richard Enlow or alternatively, failing to enforce policies to prevent drivers from engaging in such practices.

38. Defendant Muminovic was negligent in its failure to exercise ordinary care to determine their employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

39. Defendant Muminovic was negligent in failing to properly maintain the tractor-trailer involved in the wreck.

40. Properly maintained tractor-trailers driven by safe, trained drivers do not strike other cars.

41. Defendant Muminovic had a duty to promulgate and enforce adequate safety rules, regulations, procedures, guidelines, and/or policies to ensure its drivers and vehicles were reasonably safe and the public was protected, and negligently failed to do so.

42. Defendant Muminovic failed to formulate and implement proper risk management systems to identify the risk of hazardous driving by its drivers, and failed to formulate appropriate policies, training, and systems to reduce the risks of hazards to members of the public, such as the Plaintiff, from such hazardous driving.

43. Regardless of the employment relationship, Defendant Muminovic is the registered owner of the vehicle involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

44. Defendant Muminovic controlled the Defendant Richard Enlow, exercised authority to direct how Defendant Richard Enlow operated tractor-trailer, controlled the route, and at all times, the tractor-trailer that was being operated by Defendant Richard Enlow for Defendant Muminovic's benefit.

45. Had Defendant Richard Enlow been properly trained, Defendant Richard Enlow would have been aware prior to the date of the wreck that he was required to obey all traffic laws.

46. As a professional commercial truck driver, Defendant Richard Enlow had a duty to drive the tractor-trailer in an alert condition, paying attention to the road and the vehicles on it.

47. Defendant Muminovic was further negligent by failing to comply with the Federal Motor Carrier Safety Administration Regulations, including but not limited to the regulation codified at 49 C.F.R. § 392.2, Applicable operating rules, which was in full force and effect at the

time of the collision and the violation of which constituted negligence per se and was a proximate and legal cause of the Plaintiff's injuries.

### NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT WIPEOUT LOGISTICS, LLC

48. As a registered owner of the vehicle that Defendant Richard Enlow was operating at the time of the wreck, Defendant Wipeout is and should be vicariously liable for Defendant Enlow's negligent acts and omissions under Tenn. Code Ann. §§ 55-10-311 and 55-10-312, the doctrine of *respondeat superior*, the doctrine of agency, and/or the family purpose doctrine.

49. At the time of the wreck Defendant Richard Enlow was an employee and/or agent of Defendant Wipeout.

50. Defendant Richard Enlow was a truck driver for Defendant Wipeout and was acting within the scope and courses of the business of Defendant Wipeout at all relevant times.

51. Defendant Wipeout was acting by and through its employees/agents and is responsible for the acts of these employees and agents pursuant to respondeat superior, agency or similar theory of law.

52. Defendant Wipeout was negligent in hiring and/or contracting with Defendant Richard Enlow to drive the tractor-trailer at issue.

53. Defendant Wipeout was negligent in training Defendant Richard Enlow to properly drive the tractor-trailer.

54. Defendant Wipeout was negligent entrusting Defendant Richard Enlow to drive the tractor-trailer professionally.

55. Defendant Wipeout was negligent in retaining Defendant Richard Enlow.

56. Defendant Wipeout failed to conduct proper and required checks on the background of their employee, agent and/or contractor Defendant Richard Enlow.

57. Defendant Wipeout failed to supervise Defendant Richard Enlow to properly drive the tractor-trailer.

58. Defendant Wipeout was negligent in dispatching and/or routing, which induced or encouraged hazardous and irresponsible operation of its vehicles by employees and operators such as Defendant Richard Enlow or alternatively, failing to enforce policies to prevent drivers from engaging in such practices.

59. Defendant Wipeout was negligent in its failure to exercise ordinary care to determine their employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

60. Defendant Wipeout was negligent in failing to properly maintain the tractor-trailer involved in the wreck.

61. Properly maintained tractor-trailers driven by safe, trained drivers do not strike other cars.

62. Defendant Wipeout had a duty to promulgate and enforce adequate safety rules, regulations, procedures, guidelines, and/or policies to ensure its drivers and vehicles were reasonably safe and the public was protected, and negligently failed to do so.

63. Defendant Wipeout failed to formulate and implement proper risk management systems to identify the risk of hazardous driving by its drivers, and failed to formulate appropriate policies, training, and systems to reduce the risks of hazards to members of the public, such as the Plaintiff, from such hazardous driving.

64. Regardless of the employment relationship, Defendant Wipeout is the registered owner of the vehicle involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

65. Defendant Wipeout controlled the Defendant Richard Enlow, exercised authority to direct how Defendant Richard Enlow operated tractor-trailer, controlled the route, and at all times, the tractor-trailer that was being operated by Defendant Richard Enlow for Defendant Wipeout's benefit.

66. Had Defendant Richard Enlow been properly trained, Defendant Richard Enlow would have been aware prior to the date of the wreck that he was required to obey all traffic laws.

67. As a professional commercial truck driver, Defendant Richard Enlow had a duty to drive the tractor-trailer in an alert condition, paying attention to the road and the vehicles on it.

68. Defendant Wipeout was further negligent by failing to comply with the Federal Motor Carrier Safety Administration Regulations, including but not limited to the regulation codified at 49 C.F.R. § 392.2, Applicable operating rules, which was in full force and effect at the time of the collision and the violation of which constituted negligence per se and was a proximate and legal cause of the Plaintiff's injuries.

**INJURIES AND DAMAGES**

69. Immediately prior to her injuries, Plaintiff Delaney Esper was in good health and able-bodied. As a result of the collision, Plaintiff received injuries that necessitated medical treatment. Absent the wreck, she would not have the injuries that she incurred. Plaintiff Delaney Esper has been subjected to great pain and suffering from the time of the wreck until the present and incurred medical charges for treatment of same. The wreck and resulting damages were directly and proximately caused by the negligence of the Defendants and the Defendants should be held accountable.

70. Plaintiff Delaney Esper's bodily injuries required treatment for which she has incurred medical bills as the collision and resulting damages were directly and proximately caused by the negligence of the Defendants, and the Defendants should be held accountable for Plaintiff

Delaney Esper's injuries and for the bills Plaintiff Delaney Esper has incurred and will incur for treatment.

71. Defendants acts and/or omissions were negligent and directly and proximately caused the injuries and suffering of Plaintiff Delaney Esper. Further, said acts and omissions are the legal cause of Plaintiff Delaney Esper's injuries, as set forth herein, all of which would not have occurred but for the acts or omissions of the Defendants.

72. The Plaintiff asserts a claim for punitive damages against Defendants in that Defendant Enlow' actions were intentional, fraudulent, malicious, and/or reckless when he attempted to bribe a witness at the scene to place the blame on the Plaintiff and give a false report pursuant to Tenn. Code Ann. § 55-10-110.

73. Richard Enlow acted with a conscious disregard of the possibility that his driving actions and failures to act as described herein created a substantial risk of death or serious injury to Delany Esper.

74. Richard Enlow's attempt to avoid liability and bribe a witness was reckless.

75. As the sole, direct, and proximate cause of the actions of the Defendants, Plaintiff Delaney Esper suffered the following injuries and damages:

    a. Physical pain and suffering associated with injuries she received in the wreck of a past, present, and future nature;

    b. Loss of earning capacity;

    c. Loss of enjoyment of life;

    d. Permanent impairment or disability;

    e. Cost of medical treatment and pharmaceutical costs of a past, present, and future nature; and

    f. Punitive damages.

76. That as a direct and proximate result of the negligent acts and omissions of the Defendants, as set forth above, Plaintiff Samuel Esper has a claim for property damages.

## PUNITIVE DAMAGES

77. The Defendant Richard Enlow attempted to bribe the eyewitness at the scene of the wreck, Mr. Zach Sellars, to vouch for him that the Plaintiff Ms. Esper was at fault and lie to the investigating officer.

78. Mr. Sellars refused the offer of $1,000.00 from Mr. Enlow to tell the investigating officer that the Plaintiff was at a complete stop.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For process to issue and be served upon Defendants, requiring Defendants to answer the allegations hereof;

2. Demand judgment against Defendants for compensatory damages in the amount of $1,000,000.00;

3. For punitive damages in an amount to be determined as set forth in Tenn. Code Ann.§ 29-39-104 for the greater of twice the compensatory damages or $500,000.00;

4. For a judgment against the Defendants for property damages by Plaintiff Samuel Esper as a proximate result of the Defendant's negligence.

5. For pre-judgment and post judgment interest;

6. That the costs of this action be taxed to the Defendants;

7. For any general relief to which Plaintiffs may be entitled under the law and evidence; and,

8. That a jury be empaneled to try this case.

Respectfully submitted,

/s/ Matthew C. Hardin
Matthew Hardin, BPR #21505
MATT HARDIN LAW, PLLC
207 23rd Avenue North
Nashville, TN 37203
(615) 200-1111 (Telephone)
matt@matthardinlaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the court electronically via the court's e-filing system on the 26th day of September, 2023. A copy was served upon the below counsel via the court's electronic filing system, as follows:

Sean W. Martin
736 Market St., Suite 1320
Chattanooga, TN 37402
swmartin@carrallison.com
*Attorney for Defendants*

Jordan K. Gibson
Nathan E. Shelby
Rainey, Kizer, Reviere & Bell
201 Fourth Ave. N. Suite 1850
Nashville, TN 37219
jgibson@raineykizer.com
nshelby@raineykizer.com
*Attorneys for Unnamed Defendant*

Thomas S. Santel, Jr.
Cody F. Fox
Parkerson Santel Garner PLLC
303 West Main Street
Murfreesboro, TN 37130
tommy@parkersonsantel.com
cody@parkersonsantel.com
*Attorneys for Counter-Defendants*

/s/ Matthew C. Hardin