IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DELANEY ESPER *et. al.* )<br>)<br>v. )<br>)<br>RICHARD ENLOW *et al.* ) | Case No. 3:23-cv-00116<br>Judge Richardson<br>Magistrate Judge Holmes |

## MEMORANDUM ORDER[1]

Pending before the Court is Plaintiff's amended motion to amend complaint (Docket No. 49), to which Defendants filed a response in opposition (Docket No. 52). For the reasons discussed below, Plaintiff's amended motion to amend (Docket No. 49) is GRANTED. The Clerk is directed to separately file the amended complaint, which is presently found at Docket No. 49-1. Once filed, the amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), which renders moot Defendants' motions for partial judgment on the pleadings. (Docket No. 36 and 38.) The Clerk is therefore directed to TERMINATE those

---

[1] Although the Sixth Circuit has not directly addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this Court, consider an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, No. 3:17-cv-00020, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, Case No. 3:02-cv-512, 2017 WL 1177610, at *2 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, No. 12-cv-12751, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, No. 3:12-CV-373, 2014 WL 2177799, at **1-2 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, No. 3:06-cr-062, 3:12-cv-302, 2013 WL 5820251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive). *See also Elliott v. First Fed. Comm. Bank of Bucyrus*, 821 Fed.Appx. 406, 412-13 (6th Cir. 2020) (referring generally to motion for leave to amend as non-dispositive motion).

motions without prejudice to refiling as motions for partial judgment on the pleadings as to the amended complaint, but not for partial dispositive relief on any other basis.[2] Further, Defendants shall answer or otherwise respond to the amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.[3]

## Background[4]

This is a fairly standard motor vehicle accident case brought in this Court based on diversity jurisdiction. (Docket No. 1.) Shortly after the case was commenced, Defendant Wipeout Logistics moved to strike from the complaint allegations of Defendant Richard Enlow's supposed attempt to bribe an on-scene witness. (Docket No. 15.) The motion to strike was ultimately denied. (Docket No. 32.) Defendants Wipeout Logistics and Richard Enlow also moved for early partial judgment on the pleadings (Docket Nos. 36 and 38), seeking dismissal of Plaintiffs' punitive damages claims. As of the date of Plaintiffs' motion for leave to amend, the motions for partial judgment on the pleadings remained pending.

Plaintiffs request leave to amend their complaint to correct what they describe as "transcription" and numbering errors (Docket No. 49) and to include an additional factual allegation and claim based on body cam video footage purportedly obtained from the investigating law enforcement department. (*Id*.) Defendants oppose the amendment, largely on grounds that the

---

[2] Specifically, if Defendants now wish to seek partial summary judgment based on the crash data report submitted at Docket No. 53, or any other evidentiary basis, they must first file a motion for leave.

[3] Unless otherwise noted, all references to rules to are to the Federal Rules of Civil Procedure.

[4] Given the pendency of partially dispositive motions, the prior motion to strike, and the briefing of the instant motion for leave to amend, familiarity with this case is presumed. The underlying facts and procedural background are therefore only recited as necessary to give context to or explanation for the Court's ruling.

2

proposed amended complaint and the claims asserted by Plaintiffs are subject to dismissal or at least partial dismissal for the same reasons as the original complaint, and therefore futile, which warrants denial of the motion to amend. (Docket No. 52.) Defendants also reiterate their opposition to Plaintiffs' characterizations of the conduct of Defendant Richard Enlow as a supposed attempt to bribe an on-scene witness, to Plaintiffs' claims of negligence *per se*, and to Plaintiffs' request for punitive damages. (*Id.*) In support of their opposition, Defendants refer to dash cam footage (*id.* at 2) and a crash site data report. (Docket No. 53.)

## Legal Standards and Analysis

The Court's consideration of the pending motion is governed by Rule 15, which states that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This mandate follows the principle that a plaintiff's claims ought to be decided on the merits "rather than the technicalities of pleadings." *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)) (cleaned up). Sixth Circuit precedent clearly "manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)) (cleaned up). Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment, "the leave should, as the rules require, be freely given." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (cleaned up). Granting permission to amend a pleading is within the district court's sound discretion. *Moore*, 790 F.2d at 559 (internal citations omitted). For the reasons discussed below, the Court finds that Rule 15's liberal standard of allowing amendments

3

is not overcome by any other considerations under the circumstances of this case, including futility or bad faith.

The crux of Defendants' opposition focuses on the purported futility of Plaintiff's proposed amended complaint. Defendants also contend that Plaintiffs' proposed amendments are made in bad faith because the punitive damages and negligence claims are, according to Defendants, baseless, given that Plaintiffs are in possession of "incontrovertible evidence" that Plaintiff Delaney Esper was traveling "at 1.2 miles per hour at the time of the September 26, 2022 collision." (Docket No. 52 at 5.) Defendants' arguments are largely a rehash of their motion to strike and their pending motions for partial judgment on the pleadings, except that they now raise the issue of viability of Plaintiffs' claims based on outside evidence, including a crash data retrieval report. (Docket No. 53.)

A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6) and the Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to that undertaken in consideration of a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). In connection with a motion to amend, the "Court's role is to evaluate only whether the futility of an amendment is so obvious that it should be disallowed." *Oro Capital Advisors, LLC v. Borro Construction Co., LLC*, Case Nos. 2:19-cv-5087, 2:20-cv-4894, 2022 WL 3026862, at *10 (S.D. Ohio Aug. 1, 2022) (internal citations omitted) (cleaned up).

"Courts in this circuit recognize that futility arguments in the context of a motion to amend are functionally dispositive and present something of a conceptual difficulty when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions." *Local Spot, Inc. v. Lee*, Case No. 3:20-cv-00421, 2020 WL 7554214, at *4 (M.D. Tenn. Dec. 14, 2020) (citing

4

*Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (cleaned up); *see also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint). This is particularly true where, as here, the parties have raised the same or similar legal issues in dispositive motions that are concurrently pending before the District Judge. Under these circumstances, "[a]llowing Defendants' substantive legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural contexts." *Local Spot*, 2020 WL 7554214, at *4.[5]

Further, the Court finds scarce support for Defendants' argument that Plaintiffs have acted in bad faith. Defendants' argument for bad faith is, in many ways, a reiteration of their argument of futility, and for the reasons explained above, lacks merit. As importantly, or perhaps even more so, the Court is disinclined to determine the sufficiency of merits evidence, as implicitly urged by Defendants, in the context of a motion to amend. *See e.g. Max Rack, Inc. v. Hoist Fitness Sys., Inc.*, No. 2:05-CV-784, 2008 WL 11345928, at *2 (S.D. Ohio Jan. 9, 2008) (not necessary for court to review evidence in following Rule 15's direction to resolve cases on the merits rather than the technicalities of pleadings).

In addition to the efficiencies discussed above and the lack of bad faith by Plaintiffs, the Court finds no other apparent reasons to deny the motion for leave to amend under Rule 15(a)(2).

---

[5] To be clear, allowance of the amendment should not be construed as a determination that Defendants' arguments for partial judgment on the pleadings are without merit. The undersigned expresses no opinion on the merits of those arguments, including implicitly by granting Plaintiffs' motion to amend.

Specifically, the Court does not find that Plaintiffs have made repeated prior efforts to cure deficiencies. Further, the Court finds neither any undue delay in Plaintiffs' requested leave to amend, as the motion was filed within the deadline for amendment motions, nor any resulting prejudice to Defendants. When considering the issue of prejudice, a court must ask whether allowing the amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citations omitted); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir.) (delay and increased costs from having to litigate a dispute are not sufficient prejudice). The Court finds no such circumstances here.

Moreover, the Court acknowledges the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnson*, 413 F.App'x 804, 819 (6th Cir. 2011). There being no compelling reasons to deny the motion for leave to amend under Rule 15(a)(2), the Court will allow the amendment.[6]

### Conclusion

For all these reasons, Plaintiffs' motion for leave to amend (Docket No. 49) is granted. The Clerk is directed to separately file the amended complaint, which is presently found at Docket No. 49-1. Once filed, the amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), which renders moot Defendants' motions for partial judgment on the pleadings. (Docket No. 36 and 38.) The Clerk is therefore directed to terminate those motions without prejudice to refiling as motions for partial judgment on the

---

[6] The Court also notes that the time to seek leave to amend has now expired, which minimizes, if not eliminates, the prospect of additional amendments.

pleadings as to the amended complaint, but not for partial dispositive relief on any other basis.[7] Further, Defendant shall answer or otherwise respond to the amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

    It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[7] Expansion of a partially dispositive pleadings motion to include evidentiary-based arguments may result in summary denial of the motion as violative of the Court's orders. *See* Fed. R. Civ. P. 16(f). Specifically, if Defendants now wish to seek partial summary judgment based on the crash data report submitted at Docket No. 53, or any other evidentiary basis, they must first file a motion for leave to do so.